IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMERON ROCHA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF ANTIOCH, et al.,<br><br>　　　　Defendants. | Case No. 19-cv-07312-MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, SUMMARY ADJUDICATION** |

Before the Court is defendants City of Antioch ("Antioch"), Sergeant Matthew Koch ("Sergeant Koch"), Officer Zechariah Matis ("Officer Matis"), and Officer Kristopher Kint's ("Officer Kint") "Motion for Summary Judgment or, in the Alternative, Summary Adjudication," filed January 15, 2021. Plaintiff Cameron Rocha ("Rocha") has filed opposition, to which defendants have replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

**BACKGROUND**

Rocha asserts a number of federal and state law claims arising from an incident that occurred on March 12, 2018. The following facts are undisputed.

At approximately 4:15 p.m., Officer Matis, having detained Rocha for driving under the influence and leaving the scene of a minor automobile accident, handcuffed Rocha's hands behind his back and placed him in the back seat of a patrol car. Shortly thereafter, Rocha was taken out of the back seat when Officer Kint and two witnesses to the accident arrived for purposes of a showup. After the witnesses identified Rocha as the

---

[1] By order filed February 17, 2021, the Court took the matter under submission.

1  driver who had left the scene of the accident, Rocha was put back in Officer Matis's patrol
2  car. Subsequently, as a result of his having thrown himself against and/or repeatedly
3  kicked the interior of the patrol car, Rocha was taken out of the vehicle and then placed in
4  a "WRAP"[2] by Officer Matis and Officer Kint, as well as Sergeant Koch, who had arrived
5  at the scene at some earlier time. After Rocha, now in the WRAP, was returned to the
6  patrol car, Officer Matis transported him to the county jail, where the WRAP was removed
7  and, at approximately 6:00 p.m., a nurse, after medically screening him, refused to
8  accept him due to a high blood pressure reading and rapid heart rate. Rocha, still in
9  handcuffs, was then transported by ambulance to the Contra Costa Regional Medical
10 Center, with Officer Matis following in his patrol car. They arrived shortly after 7:00 p.m.,
11 and, at some point thereafter, the handcuffs were removed. After Rocha was evaluated
12 by medical personnel, he was cited and released by Officer Matis at approximately 9:00
13 p.m.

## LEGAL STANDARD

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, a "court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." See Fed. R. Civ. P. 56(a).

The Supreme Court's 1986 "trilogy" of Celotex Corp. v. Catrett, 477 U.S. 317 (1986), Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986), and Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574 (1986), requires that a party seeking summary judgment show the absence of a genuine issue of material fact. Once the moving party has done so, the nonmoving party must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on

---

[2] A "WRAP" is a restraint device that consists of a fabric placed from approximately the waist down to the lower legs and immobilizes the legs, thereby preventing a detainee from kicking or otherwise using his lower body to cause an injury to himself or others.

1  file, designate specific facts showing that there is a genuine issue for trial." See Celotex,
2  477 U.S. at 324 (internal quotation and citation omitted).  "When the moving party has
3  carried its burden under Rule 56[ ], its opponent must do more than simply show that
4  there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586.
5  "If the [opposing party's] evidence is merely colorable, or is not significantly probative,
6  summary judgment may be granted." Liberty Lobby, 477 U.S. at 249-50 (citations
7  omitted).  "[I]nferences to be drawn from the underlying facts," however, "must be viewed
8  in the light most favorable to the party opposing the motion." See Matsushita, 475 U.S. at
9  587 (internal quotation and citation omitted).

**DISCUSSION**

Defendants move for summary judgment on all claims remaining in the complaint,[3] which claims the Court next considers in turn.

**A. First Cause of Action:  42 U.S.C. § 1983**

In the First Cause of Action, Rocha asserts violations of § 1983 by Sergeant Koch, Officer Matis, and Officer Kint, specifically, a claim of excessive force based on tightness of the handcuffs, a claim of excessive force based on use of the WRAP, and a claim of deliberate indifference to medical needs.

**1. Excessive Force Based on Use of Handcuffs**

The Fourth Amendment "prohibits a broad variety of governmental intrusions on [a] person," including "overly tight handcuffs." See Wall v. County of Orange, 364 F.3d 1107, 1112 (9th Cir. 2004).  Specifically, keeping an arrestee "in handcuffs that [are] so tight that they cause[ ] [him] unnecessary pain" violates the detainee's "right to be free from an unreasonable seizure," see Meredith v. Erath, 342 F.3d 1057, 1063 (9th Cir. 2003), provided the detainee complains of pain or the defendant otherwise knows or

---

[3] By order filed January 12, 2021, the Court approved the parties' stipulation to dismiss all claims asserted against Chief of Police Tammany Brooks, to dismiss portions of the First and Second Causes of Action, and to dismiss the Third, Fourth, and Fifth Causes of Action in their entirety.

1  should know the tightness is causing unnecessary pain and the detainee sustains an
2  injury, see id. at 1060, 1063 (holding defendant not entitled to summary judgment on
3  excessive force claim, where detainee complained "handcuffs were too tight and were
4  causing her pain," and detainee sustained "extensive bruising"); Crump v. Bay Area
5  Rapid Transit Dist., 821 Fed. Appx. 705, 708 (9th Cir. 2020) (holding defendants entitled
6  to summary judgment on claim of excessively painful and prolonged handcuffing, where
7  detainee lacked evidence to show "officers could or should have known that they were
8  causing him pain").

9  Here, there is ample evidence supporting Rocha's claim that he sustained serious
10 injury from the manner in which the handcuffs were used in the course of his detention
11 and arrest. (See Kim Decl. Ex. K at 8:16-25, 14:13-15:25, 17:1-15, 20:7-16; see also id.
12 Ex. C at 137:19-25.) The Court next turns to the question of knowledge on the part of the
13 officers.

14 In that regard, there is sufficient evidence from which a reasonable trier of fact
15 could find the handcuffs were so tight that they caused Rocha unnecessary pain and that
16 defendants were or should have been aware of such circumstances. (See Matis Decl.
17 Ex. B (audio tape recording in which Rocha, immediately before application of WRAP,
18 states: "What's going on behind me?" and "What's going on behind me is breaking. I
19 don't like that. I don't like that. That's not right"); id. (officers acknowledging Rocha was
20 trying to pull out of the handcuffs); Allen Decl. Ex. E at 27:21-28:5 (testimony by Sergeant
21 Koch that officers are instructed to check handcuffs for tightness by sticking "pinky finger
22 or something" inside handcuffs to "make sure there is a little bit of maneuverability within
23 the wrist"); id. at 31:8-32:6 (testimony by Sergeant Koch that officers are trained that,
24 upon hearing a complaint by detainee, to "visually and physically inspect the handcuffs,"
25 including looking for "some discoloration" that may indicate handcuffs are "too tight"); Kim
26 Decl. Ex. H (photo taken shortly after WRAP applied, showing what appears to be no
27 space between handcuffs and Rocha's wrists, discoloration of one hand, and blood on
28 back of shirt).)

Additionally, as to Officer Matis, there is evidence from which a reasonable trier of fact could find Rocha complained about pain during the approximately 20- to 30-minute drive from the place of arrest to the county jail (see id. Ex. C at 64:8-22 (testimony by Rocha that, "throughout the day and night," he stated, "I can't feel my hands. They hurt. What's going on?"); see also id. Ex. B at 85:13-17), and that Rocha continued to complain of pain in the presence of Officer Matis at the hospital (see id. Ex. C at 65:2-4, Allen Decl. Ex. C at 134:2-20, 185:1-186:4 (testimony by Rocha that he stated: "I can't feel my hands" and "Can you take them off or at least move them or something?")), and that Officer Matis would not loosen the handcuffs until such time as a nurse needed better access to Rocha's arm for purposes of drawing blood (see Allen Decl. Ex. C at 131:23-132:5, 133:21-134:1).

Although there is less evidence as to Sergeant Koch and Officer Kint, both acknowledge they are trained as to how to put on handcuffs and the need to check for tightness when a detainee complains after the initial application, and both were in a position to hear Rocha's complaints at the scene of the arrest and to see the state of the handcuffs and the blood on Rocha's shirt at that time.

Further, although Rocha, concededly, was intoxicated at the time of his detention and arrest, making his recollection of events potentially subject to question, Rocha's level of sobriety goes to the weight of his testimony, a matter reserved for the trier of fact. See Anderson, 477 U.S. at 255 (holding "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict").

Lastly, the Court declines to find defendants are, on summary judgment, entitled to qualified immunity. See Wall, 364 F.3d at 1110, 1112 (finding defendant not entitled to qualified immunity at summary judgment stage, where plaintiff, who sustained nerve injury, offered evidence he complained twice about tightness of handcuffs; holding "[i]t is well-established that overly tight handcuffing can constitute excessive force").

Accordingly, to the extent the First Cause of Action is based on the use of handcuffs, the motion for summary judgment will be denied.

**2. Excessive Force Based on Use of WRAP**

As noted, the First Cause of Action is also based on defendants' use of a WRAP. For the reasons stated below, the Court finds Rocha has failed to submit sufficient evidence to support a finding that defendants acted unreasonably when they used the WRAP. See Palmer v. Sanderson, 9 F.3d 1433, 1436 (9th Cir. 1993) (holding constitutionality of officer's "use of force" is "measured by [a] 'reasonableness' standard").

Although Rocha argues he was a "compliant arrestee" (see Pl.s' Opp. at 16:1), defendants have offered undisputed evidence that Rocha, when in the patrol car both prior to and after the showup, repeatedly kicked the interior of the vehicle with such force as to cause the vehicle to move from side to side. (See Allen Decl. Ex. B at 52:21-53:17, 55:4-19, 63:10-15; Ex. D at 31:11-15, 36:19-20.)[4] Further, there is no dispute that Officer Matis would be driving on a freeway for approximately 20 to 30 minutes in order to get to the jail (see id. Ex. B at 63:22-23) and there is no evidence that Rocha, in the absence of the WRAP, would not have continued to engage in the bumping and kicking behavior during such ride, thereby creating not only a danger to himself but a safety hazard.

Alternatively, even if the use of a WRAP constituted a Fourth Amendment violation, defendants are entitled to qualified immunity, as Rocha fails to cite to any "clearly established law," such that, at the time of the challenged conduct, "every reasonable official would have understood" that the decision to use a WRAP violated his Fourth Amendment rights. See Ashcroft v. al-Kidd, 563 U.S. 731, 741 (2011) (setting

---

[4] Although Rocha testified he could not "remember" whether he kicked the patrol car (see id. Ex. C at 76:15-16, 80:23-81:3) and could not "recall" whether the vehicle was shaking (see id. Ex. C at 76:8-12), a failure to recollect does not suffice to create a triable issue of fact. See Chance v. Pac-Tel Teletrac Inc., 242 F.3d 1151, 1160 (9th Cir. 2001) (holding witness's testimony that he "could not recall" event insufficient to create triable issue). Moreover, Rocha acknowledged an additional act of non-compliance, namely that he was "bumping" his "shoulder" and his "body" against the interior door of the patrol car (see Allen Decl. Ex. C at 75:21-76:2).

1  forth test for application of qualified immunity) (internal quotation, alteration, and citation
2  omitted); Somers v. Thurman, 109 F.3d 614, 617, 622 (9th Cir. 1997) (holding plaintiff
3  asserting
4  § 1983 claim has "burden" to establish defendant violated "clearly established" law).
5      Accordingly, to the extent the First Cause of Action is based on use of the WRAP,
6  the motion for summary judgment will be granted.

    **3. Deliberate Indifference to Medical Needs**

    To the extent the First Cause of Action is based on a theory that the officers were deliberately indifferent to Rocha's medical needs, the Court likewise finds Rocha has failed to submit sufficient evidence to support his claim.

    Specifically, Rocha points to no evidence as to when in the course of his detention and arrest he sustained an injury requiring medical treatment, no evidence to support a finding that a reasonable officer in defendants' position would have been aware Rocha needed medical attention, and no evidence as to what medical care should have been provided. Consequently, the case on which Rocha primarily relies is readily distinguishable on its facts. See Gordon v. County of Orange, 888 F.3d 1118, 1125 (9th Cir. 2018) (reversing grant of summary judgment, where prisoner displayed symptoms of severe opiate withdrawal and medical staff failed to monitor his condition, resulting in prisoner's death). Moreover, Officer Matis took Rocha to two facilities that he knew would conduct a medical assessment, specifically, the jail and then the hospital, and at neither of those facilities did the medical personnel find any cause to treat Rocha's wrists. (See Allen Decl. Ex. B at 87:16-88:1; Ex. G.)[5]

    Accordingly, to the extent the First Cause of Action is based on a theory of deliberate indifference to Rocha's medical needs, the motion for summary judgment will be granted.

---

[5] At the hospital, medical personnel did propose taking taking an x-ray to confirm Rocha had no fracture, but Rocha preferred to go home rather than wait at the hospital any longer. (See Kim Decl. Ex. G.)

**B. Second Cause of Action: 42 U.S.C. § 1983 – Supervisory Liability**

In the Second Cause of Action, Rocha asserts Sergeant Koch, in his capacity as a supervisor, is liable for the asserted violations of § 1983.

As Rocha points out, a supervisor can be held liable under § 1983 for his "personal involvement in the constitutional deprivation." See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989). For the reasons discussed above with respect to the First Cause of Action, a triable issue of fact exists as to whether Koch is liable for the use of handcuffs,[6] but not as to use of the WRAP or for deliberate indifference to Rocha's medical needs.

Accordingly, to the extent the Second Cause of Action is based on the use of the handcuffs, the motion will be denied, and otherwise will be granted.

**C. Sixth Cause of Action: California Civil Code § 52.1(b)[7]**

Section 52.1, known as the Bane Act, "provides a cause of action for violations of a plaintiff's state or federal civil rights committed by threats, intimidation, or coercion." Reese v. County of Sacramento, 888 F.3d 1030, 1040 (9th Cir. 2018) (internal quotations and citation omitted); Cal. Civ Code § 52.1(b).

To the extent the Sixth Cause of Action is based on use of the WRAP or on the alleged deliberate indifference to Rocha's medical needs, defendants are entitled to summary judgment for the reasons stated above.

To the extent the Sixth Cause of Action is brought against Officer Matis and Antioch[8] and based on the use of handcuffs, however, Rocha, as discussed above, has established a triable issue of fact as to whether he was deprived of a federal civil right

---

[6] The First Cause of Action, as brought against Sergeant Koch, appears to be duplicative of the Second Cause of Action. As defendants do not seek dismissal on said ground, the Court does not further consider the issue herein.

[7] As noted, the Third, Fourth, and Fifth Causes of Action have been dismissed.

[8] Each of Rocha's state law claims is brought against Sergeant Koch, Officer Matis, Officer Kint, and Antioch.

1  and, although a Bane Act claim requires an additional showing that the defendant "had a
2  specific intent to violate the arrestee's right from unreasonable seizure," see Reese, 888
3  F.3d at 1043 (internal quotation and citation omitted), a "reckless disregard for a person's
4  constitutional rights" can be "evidence of [such] specific intent," see id. at 1045 (internal
5  quotation and citation omitted).  Here, given the extended period of time in which Officer
6  Matis was in the presence of Rocha and Rocha's evidence of his continuing complaints
7  of pain throughout that time without any effort on Officer Matis's part to remedy the
8  situation, the Court finds a triable issue exists as to whether Officer Matis's conduct rises
9  to the level of reckless disregard.  By contrast, given the limited period of time in which
10 Sergeant Koch and Officer Kint were in contact with Rocha, there is insufficient evidence
11 to support a finding that either of them acted with reckless disregard.
12      Accordingly, as to the Sixth Cause of Action, defendants are entitled to summary
13 judgment, with the exception of the claim against Officer Matis based on the use of
14 handcuffs and the claim against Antioch for vicarious liability based on Officer Matis's use
15 of handcuffs.

16 **D.  Seventh Cause of Action:  California Civil Code § 845.6 – Deliberate Indifference**

17      For the reasons stated above with respect to the First Cause of Action, defendants
18 are entitled to summary judgment as to the Seventh Cause of Action, by which Rocha
19 asserts defendants were deliberately indifferent to his medical needs in violation of state
20 law.

21 **E.  Eighth Cause of Action:  Assault and Battery**

22      The parties are in accord that, under state law, assault and battery claims brought
23 against police officers are governed by the same law applicable to § 1983 Fourth
24 Amendment excessive force claims (see Defs.' Mot. at 23:7-8; Pl.'s Opp. at 22:24-26),
25 and the Court agrees, see Edson v. City of Anaheim, 63 Cal. App. 4th 1269, 1274-75
26 (1998) (holding plaintiff asserting battery claim against police officer must establish
27 "unreasonableness of force used"; explaining § 1983 action is "the federal counterpart of
28 state battery . . . actions").

Accordingly, for the reasons stated above with respect to the First Cause of Action, the individual defendants are entitled to summary judgment to the extent the claim is based on use of the WRAP, but not to the extent the claim is based on the use of handcuffs.  Additionally, to the extent Rocha seeks to hold Antioch vicariously liable for the acts of the individual defendants, Antioch likewise is entitled to summary judgment for the officers' use of the WRAP, but not for their use of handcuffs.

**F.  Ninth Cause of Action:  Negligence**

The parties likewise are in accord that, under state law, negligence claims based on excessive force are governed by the same law applicable to § 1983 claims (see Defs.' Mot. at 23:22-24; Pl.'s Opp. at 23:18-22), and the Court again agrees, see Oliver v. City and County of San Francisco, 2009 WL 10736490, at *4 (N.D. Cal. February 27, 2009) (holding, where negligence claim against police officer is based on use of force, summary judgment must be denied where triable issue exists as to whether officer used excessive force).

Accordingly, for the reasons stated above, defendants are entitled to summary judgment to the extent the claim is based on use of the WRAP, but not to the extent the claim is based on the use of handcuffs.  Additionally, to the extent the negligence claim is based on a claim of deliberate indifference to Rocha's medical needs, defendants are entitled to summary judgment for the reasons stated above with respect to the First Cause of Action.

**G.  Tenth Cause of Action:  Intentional Infliction of Emotional Distress**

To the extent the Tenth Cause of Action, by which Rocha asserts a claim for intentional infliction of emotional distress, is based on use of the WRAP or on the alleged deliberate indifference to Rocha's medical needs, defendants are, for the reasons stated above, entitled to summary judgment.

To the extent the Tenth Cause of Action is based on the use of handcuffs, Sergeant Koch and Officer Kint are entitled to summary judgment, as Rocha lacks evidence to show either of those individuals engaged in "extreme and outrageous

conduct . . . with the intent of causing, or reckless disregard of the probability of causing, emotional distress." See Christensen v. Superior Court, 54 Cal. 3d 868, 903 (1991) (internal quotation and citation omitted). To the extent the Tenth Cause of Action is brought against Officer Matis and Antioch, however, the Court finds, given the extent of the claimed injury, a triable issue of fact exists as to whether the use of handcuffs was extreme and outrageous, and, for the reasons stated above with respect to the Sixth Cause of Action, as to whether Officer Matis's conduct rises to the level of reckless disregard.[9]

Accordingly, defendants are entitled to summary judgment as to the Tenth Cause of Action, with the exception of the claim against Officer Matis based on the use of handcuffs and the claim against Antioch for vicarious liability based on Officer Matis's use of handcuffs.

## H. Punitive Damages

To the extent Rocha seeks an award of punitive damages based on use of the WRAP or on defendants' alleged deliberate indifference to Rocha's medical needs, defendants are, for the reasons stated above, entitled to summary judgment.

To the extent Rocha seeks an award of punitive damages based on the use of handcuffs, Sergeant Koch and Officer Kint are entitled to summary judgment, as Rocha lacks evidence to show either of those individuals acted with a "reckless or callous indifference" to Rocha's Fourth Amendment rights, see Smith v. Wade, 461 U.S. 30, 56 (1983) (setting forth standard for awarding punitive damages in § 1983 cases), or with "oppression, fraud, or malice," see California Civil Code § 3294(a) (setting forth standard for awarding punitive damages under state law). As to Officer Matis, however, in light of

---

[9] To establish a claim of intentional infliction of emotional distress, the plaintiff must additionally establish he suffered "severe or extreme emotional distress" and that such distress was caused by the defendant's conduct. See id. (internal quotation and citation omitted). Although defendants, without elaboration, argue Rocha cannot establish either of those elements, defendants fail to show Rocha lacks evidence to do so. See Fed. R. Civ. P 56(a) (providing party seeking summary judgment must show "there is no genuine dispute as to any material fact").

the evidence identified above with respect to the Tenth Cause of Action, a triable issue of fact exists as to Rocha's claim for punitive damages.[10]

## CONCLUSION

For the reasons stated above, defendants' motion for summary judgment is hereby GRANTED in part and DENIED in part, as follows:

1. To the extent the motion seeks summary judgment as to all Causes of Action based on defendant's use of the WRAP and alleged deliberate indifference to Rocha's medical needs, the motion is GRANTED.

2. To the extent the motion seeks summary judgment as to all Causes of Action based on defendants' use of handcuffs, the motion is DENIED, with the exception of the Sixth and Tenth Causes of Action as asserted against Sergeant Koch and Officer Kint.

3. To the extent the motion seeks summary judgment as to Rocha's prayer for punitive damages, the motion is GRANTED with respect to Sergeant Koch and Officer Kint, and DENIED with respect to Officer Matis.

**IT IS SO ORDERED.**

Dated: March 10, 2021

MAXINE M. CHESNEY
United States District Judge

---

[10] Rocha's prayer for punitive damages is not asserted against Antioch. (See Compl., prayer for relief, ¶ 2.)