DAN SIEGEL, SBN 56400
EMILYROSE JOHNS, SBN 294319
ANDREW CHAN KIM, SBN 315331
SIEGEL, YEE, BRUNNER & MEHTA
475 14th Street, Suite 500
Oakland, California 94612
Telephone: (510) 839-1200
Facsimile: (510) 444-6698
Email: danmsiegel@gmail.com;
emilyrose@siegelyee.com;
chankim@siegelyee.com

Attorneys for Plaintiff
CAMERON ROCHA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CAMERON ROCHA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF ANTIOCH, Antioch Chief of Police TAMMANY BROOKS, Antioch Sergeant MATTHEW KOCH, Antioch Officer ZECHARIAH MATIS, Antioch Officer KRISTOPHER KINT, Antioch employees DOES 1-25, Jointly and Severally,<br><br>　　　　Defendants. | Case No.: 3:19-cv-07312-MMC<br><br>**PLAINTIFF'S MOTION IN LIMINE No. 6**<br><br>**TO EXCLUDE CERTAIN TESTIMONY OF DEFENDANT' EXPERT STEVE PAPENFUHS**<br><br>Date:　March 30, 2021<br>Time:　10 a.m.<br>Judge:　Hon. Maxine M. Chesney<br>Ctrm.:　7 - 19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102 |

Plaintiff Cameron Rocha respectfully requests that the Court issue an order prohibiting defendants' police practices expert Steve Papenfuhs from providing testimony that Officer Matis, Officer Kint, and/or Sergeant Koch acted as a "reasonable officer" would do in response to the facts elicited at trial. Such testimony usurps the providence of the jury in an excessive force case and should be prohibited.

In his Rule 26(a) expert disclosure provided by defendants on December 14, 2020, Attached as Exhibit C to the Declaration of Andrew Chan Kim, Mr. Papenfuhs renders two opinions. In each opinion, he states that Officer Matis acted as a reasonable officer would act under the circumstances.

For instance, in the summary of his first opinion, Mr. Papenfuhs states:

> Officer Matis acted as would an objectively reasonable peace officer following generally accepted law enforcement practices, procedures, and training, and facing the same or similar circumstances as he perceived when he:
> 1. Notified communications of his observations and the location of the outstanding suspect.
> 2. Initiated a vehicle stop and contact on the suspect violator.
> 3. Requested assistance from another officer.
> 4. Approached, contacted, and detained the subject.
> 5. Handcuffed the subject as a temporary means of restraint for officer safety, suspect safety, and citizen safety based upon the totality of the circumstances.
> 6. Secured the detained subject into a secured patrol vehicle to limit the individual's mobility and to ensure the safety of all involved.
> 7. Continued the investigation to determine whether probable cause for an arrest exists.

Exhibit C to Kim Dec., p. 80.

In the summary of his second opinion, Mr. Papenfuhs states:

> Officer Matis, Officer Kint, and Sergeant Koch collectively acted during their investigation as would objectively reasonable peace officers following generally accepted law enforcement practices, procedures, and training, and facing the same or similar circumstances when they:
> 1. Performed an in-field show-up with witnesses to confirm the identify of a suspect hit and run and DUI subject.
> 2. Effected an arrest based upon probable cause under the totality of the circumstances.
> 3. Applied an enhanced restraint based upon the observed violent behavior presented by the subject.

    4. Followed department policy regarding supervision of the use of the WRAP restraint.
    5. Seat belted the subject into the secure compartment of a patrol vehicle.
    6. Directed a measure of attention to the subject during transport to ensure his or health and safety.
    7. Transported the subject to a secure jail facility.
    8. Obtained medical evaluation from the jail nurse prior to booking.
    9. Obtained medical examination and treatment as recommended or required by the jail nurse and doctor.
    10. Obtained a blood sample from the arrestee, via a signed search warrant based upon probable cause and upon oath and affidavit.

Exhibit C to Kim Dec., p. 86.

In an excessive force case, the determination of whether or not an officer's actions are reasonable is the providence of the jury and an expert witness cannot provide an opinion on an ultimate issue of law. *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) ("That said, 'an expert witness cannot give an opinion as to her *legal conclusion,* i.e., an opinion on an ultimate issue of law.'"); *May v. San Mateo Cty.*, No. 16-CV-00252-LB, 2017 WL 2305160, at *9 (N.D. Cal. May 26, 2017) ("Experts cannot tell the jury, point blank, that a given defendant 'used excessive force' or 'acted unreasonably.'"); *M.H. v. Cty. of Alameda*, No. 11-CV-02868-JST, 2015 WL 54400, at *2 (N.D. Cal. Jan. 2, 2015) (an expert cannot testify as to the "objective reasonableness" of an officer's actions). Mr. Papenfuhs' testimony must be restricted to opining to "generally accepted law enforcement standards, custom, or practice." *Id. See also Berra v. Lyons*, No. 12-CV-0226-TOR, 2014 WL 585008, at *14 (E.D. Wash. Feb. 14, 2014) ("In order to avoid invading the province of the jury, both experts should confine their testimony to the issue of whether Defendants' conduct was *consistent with prevailing standards in the law enforcement profession*."). Defendants should be restricted to presenting Mr. Papenfuhs with hypothetical questions to which he can opine on reasonableness. *Stevenson v. Holland*, No. 1:16-CV-1831-AWI-JLT, 2020 WL 7042810, at *7 (E.D. Cal. Dec. 1, 2020) ("To prevent invasion of the jury's province here, the Court will require the parties to use hypothetical questioning to explore [the expert's] testimony, conclusions, and opinions at trial."). *See also May*, No. 16-CV-00252-LB, 2017 WL 2305160, at *9 ("The short answer is that [questions about the ultimate issue] should be posed to expert witnesses through hypothetical questions.").

**CONCLUSION**

Steve Papenfuhs must be prohibited from providing testimony that Officer Matis, Officer Kint, and/or Sergeant Koch acted as a "reasonable officer," as such a determination must be left to the jury. Further, Defendants must elicit testimony about the ultimate issue by Mr. Papenfuhs only through hypothetical questions.

Dated: March 17, 2021

            SIEGEL, YEE, BRUNNER & MEHTA

            By:  /s/ Andrew Chan Kim
               Andrew Chan Kim

            Attorneys for Plaintiff
            CAMERON ROCHA